IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GREG ADAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:14-CV-3157-K** |
| | § | |
| **CHASE BANK and SELECT** | § | |
| **PORTFOLIO SERVICING, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case was automatically referred for pretrial management.  Before the Court for recommendation are *Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint*, filed September 10, 2014 (doc. 5), and *Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss*, filed October 15, 2014 (doc. 8).  Based on the relevant filings and applicable law, the motions to dismiss should be **GRANTED**.

## I.  BACKGROUND

This case involves the attempted foreclosure of real property located at 326 Faircrest Dr., Garland, Texas 75040 (the Property).  (*See* doc. 1-1 at 25.)[1]  On August 4, 2014, Plaintiff Greg Adams (Plaintiff) filed this lawsuit in state court against JP Morgan Chase Bank, N.A.[2] (JPMC).  (*See* doc. 1-1 at 6.)  On August 5, 2014, the state court issued a temporary restraining order to restrain JPMC from foreclosing on the Property.  (doc. 1-1 at 13.)  Plaintiff filed an amended petition adding Select Portfolio Servicing, Inc. (SPS) as a defendant on August 14, 2014.  (*Id.* at 24.)

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2]  Plaintiff incorrectly names JP Morgan Chase Bank, N.A. as "Chase Bank."  (*See* doc. 5 at 1.)

Plaintiff claims that he is the owner of the Property.  (*Id*. at 25.)  He alleges that in January of 2014, JPMC began negotiations with him to modify his loan.  (*Id*.)  He states that he relied on "these representations" to his detriment "making application to [JPMC] for a federally-backed loan." (*Id*.)  He claims that he was assured that the Property would not be foreclosed on during the modification process.  (*Id*.)

Plaintiff contends that despite that assurance, JMPC sent him a notice setting the foreclosure sale for August 5, 2014.  (*Id*.)  According to him, he did not receive a rejection letter from JPMC regarding the modification of his loan.  (*Id*.)  He contends that he will be immediately harmed if JPMC is not restrained from foreclosing on the Property.  (*Id*.)  He claims that he has a probable right to recover on his claims and will suffer immediate, irreversible, and irreparable harm if JMPC is not restrained.  (*Id*.)  He also claims that there is no adequate remedy at law.  (*Id*.)

Plaintiff's amended state petition asserts claims for breach of contract and, in the alternative, quantum meruit.  (*Id*. at 25-26.)  He seeks attorney fees, costs of court, pre-and post-judgment interest, and injunctive relief to prevent the foreclosure sale of the Property.  (*Id*. at 26.)

On September 3, 2014, JPMC removed the action to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.  (doc. 1.)  It moved to dismiss this action on September 10, 2014, and SPS moved to dismiss on October 15, 2014.  (docs. 5, 8.)  Plaintiff failed to respond to either motion.

## II.  RULE 12(B)(6) STANDARD

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court

cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The plaintiff's pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quotation marks omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs.*, 343 F.3d at 725. It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

SPS attaches to its motion a copy of the deed of trust executed by Plaintiff in connection with the loan from JPMC. (doc. 8-1.) The deed of trust is a matter of public record that can be judicially noticed in considering a Rule 12(b)(6) motion. *See* Fed. R. Evid. 201(b)(2); *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of ... deeds and assignments"). Conversion of the motion to dismiss into a motion for summary judgment is therefore unnecessary.

### III.  JPMC'S MOTION TO DISMISS

JPMC moves to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (doc. 5.)

### A.    Breach of Contract

JPMC argues that Plaintiff has insufficiently pled all the elements of his breach of contract claim, and that the claim is barred by the statute of frauds. (doc. 6 at 3-4.)

4

### 1.      Elements of the claim

JPMC argues that Plaintiff has insufficiently pled all the elements of his breach of contract claim because he has not shown the existence of a valid enforceable contract in which JPMC agreed not to foreclose, that he performed under the contract, that JPMC breached the contract, or that the breach caused Plaintiff injury.  (doc. 6 at 3-4.)

The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

Here, Plaintiff alleges that JPMC breached its contract with Plaintiff by "setting the property for foreclosure" even though Plaintiff had been told that the Property would not be sold during the time his modification was pending.  (doc. 1-1 at 25.)  He claims that such "representation" was relied upon by him to his detriment.  (*Id.*)

However, Plaintiff fails to identify the contract that he alleges Defendant breached, and he also fails to identify a contract in which JPMC agreed to modify his loan or delay foreclosure.  He also fails to allege that he performed or tendered performance under any alleged contract. Accordingly, his bare-bones and conclusory allegations fail to give rise to a reasonable inference that a contract was breached by JPMC.  *See Payne v. Wells Fargo Bank, N.A.*, No. 3:12-cv-5219, 2013 WL 5451856, at *7 (N.D.Tex. Sept. 27, 2013)("In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff alleging a breach of contract claim must indicate which loan documents and provisions were breached."); *Chapa v. Chase Home Fin. LLC*, No. C-10-359, 2010 WL 5186785,

at *5 (S.D.Tex. Dec. 15, 2010)(collecting Texas cases dismissing breach of contract claims where the plaintiff failed to show the contract or provision that the defendant breached).  His breach of contract claim should be denied on this basis.

### 2.      Statute of frauds

JPMC also argues that Plaintiff's breach of contract claim is barred by the statute of frauds because he has not alleged that any agreement was in writing.  (doc. 6 at 4.)

The Texas statute of frauds provides that a loan agreement that exceeds $50,000 in value is not enforceable unless it "is in writing and signed by the party to be bound or by that party's authorized representative."  Tex. Bus. & Com. Code Ann. § 26.02(b).  Section 26.02(b) "makes unenforceable oral modifications to a loan agreement ... unless they fall within an exception to the statute of frauds or do not 'materially alter the obligations imposed by the original contract.'"  *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d , 561, 571 (S.D. Tex. 2012)(citation omitted).

Courts have held that an agreement to modify an existing loan must comply with the statute of frauds.  *Enis v. Bank of America, N.A.*, No. 3:12-CV-0295-D, 2012 WL 4741073, at *3(N.D. Tex. Oct. 3, 2012); *see also Wiley v. U.S. Bank, N.A.*, No. 3:11-CV-1241-B, 2012 WL 1945614, at *6 (N.D. Tex. May 30, 2012).  Agreements to modify lending terms, such as the interest rate, the amounts of installments, security rights, and the remaining balance of the loan have been held to be material modifications that must be in writing.  *See Horner v. Bourland*, 724 F.2d 1142, 1148 (5th Cir. 1984); *see also Edward Scharf Associates, Inc. v. Skiba*, 538 S.W.2d 501, 502 (Tex. Civ. App.—Waco, 1976, no writ.).  Any oral agreement to delay foreclosure is a material alteration of the deed of trust because an agreement to delay repayment falls under the statute of frauds.  *See Perales v. Wells Fargo, N.A.*, No. SA-12-cv-00515, 2013 WL 3456998, at *4 (W.D. Tex. July 9,

2013); Tex. Bus. & Com. Code 26.02(a)(2)("'Loan agreement' means one or more ... agreements ... pursuant to which a financial institution loans or delays repayments of or agrees to loan or *delay repayment* of money, goods, or another thing of value.")(*emphasis added*).  "Both state and federal courts in Texas have held that an agreement to delay foreclosure is subject to the Texas statute of frauds and, accordingly, must be in writing to be enforceable."  *Perales*, 2013 WL 3456998, at *4)(citing cases).

Plaintiff's allegations imply that JPMC violated a promise to modify his loan or a promise to delay foreclosure during the modification process.  However, Plaintiff asserts no facts showing either that his mortgage (or the amount to be modified) was less than $50,000, or that JPMC's alleged offers to modify his loan and to delay foreclosure were at some point reduced to writing. Therefore, unless an exception applies, his breach of contract claim is barred by the statute of frauds. *See Milton v. U.S. Bank Nat. Ass'n,* 508 F. App'x 326, 328-29 (5th Cir. 2013)(holding that the plaintiff's breach of contract claim was barred by the statute of frauds "because there was no written agreement to delay foreclosure" while her application for a loan modification was reviewed); *Sledge v. JP Morgan Chase Bank, N.A.*, No. 13-cv-797, 2014 WL 51169, at *3 (W.D. Tex. Jan. 7, 2014)(finding the statute of fraud bars enforcement of the defendant's alleged oral promise to delay foreclosure); *Perales*, 2013 WL 3456998, at *4 (finding that because the alleged agreement to delay foreclosure of the subject property was never reduced to writing, it was unenforceable); *Obuekwe v. Bank of America*, No. 4:11-cv-762, 2012 WL 1388017, at *5 (N.D. Tex. April 19, 2012)(finding that because the alleged agreement to modify the deed of trust and reduce payments on the note was not reduced to writing, plaintiff's claim for breach of the agreement failed).  JPMC's motion to dismiss Plaintiff's breach of contract claim should be granted.

B.     **Quantum Meruit**

JPMC next argues that "Plaintiff fails to allege any requirement of quantum meruit, much less that he provided a benefit to [JPMC]."[3]  (doc. 6 at 4-5.)

Quantum meruit is a theory of recovery based on principles of unjust enrichment.  *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985).  The elements of quantum meruit are that: (1) Plaintiff rendered valuable services or materials; (2) the services were rendered to the defendant; (3) the defendant accepted, used, and enjoyed the services and materials; and (4) the circumstances reasonably notified the defendant that the plaintiff expected compensation for the services or materials.  *Id.* (quoting *City of Ingleside v. Stewart*, 554 S.W.2d 939, 943 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.)).

Quantum meruit "is an independent cause of action that allows recovery when there is no express contract covering the services rendered."  *Nart v. Open Text Corp.*, 2011 WL 3844216, at *4 (W.D. Tex. Aug. 29, 2011) (citing  *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683–84 (Tex. 2000)).  "Nevertheless, a party to a contract may seek alternative relief under both contract and quasi-contract theories."  *Woodcock v. Chase Home Fin., LLC*, No. H-11-1199, 2012 WL 393260, at *3 (S.D.Tex. Feb. 3, 2012)(citing *In re Kellogg Brown & Root Inc.*, 166 S.W.3d 732, 740 (Tex. 2005)); *see also Tatum v. Tatum*, 606 S.W.2d 31, 33 (Tex. App.—Corpus Christi 1980, writ ref'd n.r.e.) ("[T]here certainly is nothing to prevent plaintiff from pleading alternative theories of express contract and quantum meruit").

Plaintiff alleges, in the alternative, that his "change in position was specifically induced by

---

[3]  Defendant also argues that Plaintiff's quantum meruit claim should be dismissed because an express contract covers the subject matter of Plaintiff's dispute.  (doc. 6 at 5.)  However, a plaintiff is entitled to plead alternative relief under both contract and quasi-contract theories. *See Woodcock, LLC*, 2012 WL 393260, at *3; *Tatum v. Tatum*, 606 S.W.2d at 33.  Therefore, Plaintiff's quantum meruit claim should not be dismissed on this ground.

[JPMC] and [JPMC] was unjustly enriched by this advantage."  (doc. 1-1 at 25.)

Not only does Plaintiff fail to allege that he provided any valuable services or materials to JPMC, but he fails to allege that he provided any benefit for which he expected compensation or to which JPMC was not already entitled to, such as payments under the mortgage.  Accordingly, Plaintiff cannot recover on his quantum meruit claim.  *See Pennington v. HSBC Bank USA, Nat. Ass'n*, No. A-10-CA-785 LY, 2011 WL 6739609, at *11(W.D.Tex. Dec. 22, 2011) ("Plaintiffs cannot make out a quantum meruit claim for damages because they have failed to plead that they provided any benefit or services to Defendant); *Miller v. CitiMortgage*, 970 F.Supp.2d 568, 589 (N.D. Tex. 2013)("Plaintiff fails to plead that she provided a benefit to Defendant to which it was not already entitled–specifically, payments under the mortgage loan.")  JPMC's motion to dismiss this claim should be granted.

## C.    <u>Injunctive Relief</u>

Finally, JPMC argues that Plaintiff's request for injunctive relief must be dismissed because he cannot prevail on his other claims.  (doc. 6 at 5.)

"To obtain injunctive relief, [a] plaintiff is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'"  *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).  Because Plaintiff's breach of contract and quantum meruit claims are subject to dismissal on the merits, he cannot establish any likelihood of success on the merits.  *See Jackson*, 2011 WL 3874860, at *3.  Accordingly, his request for injunctive relief should be denied, and JPMC's motion to dismiss the request should be granted.

## IV.  SPS'S MOTION TO DISMISS

SPS moves to dismiss Plaintiff's claims against it on grounds that he does not allege any facts or causes of action against it, but to the extent his factual allegations do apply to it, the alleged facts fail to support a cognizable claim for relief.  (doc. 8 at 1, 3-6.)

In his amended complaint, Plaintiff only makes allegations as to JPMC, and his claims appear to implicate only JPMC.  (doc. 1-1 at 24-27.)  The only differences between Plaintiff's original petition naming only JPMC as a defendant and his amended petition are the addition of SPS to the style of the case, addition of SPS to the section entitled "Parties" with a description of it as a mortgage servicer and the name of its agent for service with process, and a lack of a verification in the amended petition.  (*See id*. at 6-10 and 24-27.)  The factual allegations and the description of the causes of action did not change.  Because Plaintiff did not assert any facts or claims against SPS, its motion to dismiss should be granted.

Even if Plaintiff's claims could be liberally construed as being asserted against SPS, he fails to state a claim upon which relief may be granted for the same reasons that he fails to state a claim against JPMC.[4]  Accordingly, SPS's motion to dismiss the claims against it should be granted.

## V.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."  *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005) (Fitzwater, C.J.)(citing *Great Plains Trust Co. v. Morgan Stanley Dean*

---

[4]  SPS generally moves to dismiss Plaintiff's claims for the same reasons asserted by JPMC in its motion to dismiss.  (*See* doc. 8 at 4-6.)

*Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  Nevertheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint.  *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days).  Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case.  *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, although Plaintiff did not respond to the motions to dismiss, it does not appear that he has pled his best case.  He should therefore be accorded a final opportunity to amend to sufficiently state a claim for relief against SPS and JPMC.

## VI.   RECOMMENDATION

If Plaintiff does not file an amended complaint that states a claim for relief within the 14 days allotted for objections to this recommendation, or a deadline otherwise set by the Court, SPS and JPMS's motions to dismiss should be **GRANTED**, and all of Plaintiff's claims against them should be dismissed with prejudice.  If Plaintiff timely files an amended complaint, however, the motions to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

**SO RECOMMENDED** on this 17th day of April, 2015.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

11

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE